UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| DAVID PATERSON, | | ) | |
| | | ) | |
| | Petitioner, | ) | |
| | | ) | |
| | v. | ) | No. 1:20-cv-03260-JPH-MPB |
| | | ) | |
| WARDEN, | | ) | |
| | | ) | |
| | Respondent. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

David Paterson, an inmate of the Indiana Department of Correction, has filed a petition for

a writ of habeas corpus challenging his prison disciplinary conviction under NCF 16-11-0146.

For the reasons explained below, the petition is **DENIED.**

## I.
## LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning

class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*,

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*,

418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

This case arises from a scrivener's error on the conduct report and the screening report. Trafficking unauthorized items into a correctional facility violates IDOC Adult Disciplinary Code A-113. Dkt. 6-7, p. 2. Attempting to commit any Class A violation violates Code A-111. *Id.* Attempted trafficking, therefore, is most clearly expressed as a violation of Code A-111/113.

The conduct report charged Mr. Paterson with attempted trafficking and alleged that he offered to pay a correctional officer $600.00 to "bring something in." Dkt. 6-1. Rather than listing attempted trafficking as a violation of Code A-111/113, the conduct report incorrectly listed the offense as a violation of Code A-113. *Id.* The screening report made the same error. *See* dkt. 6-2. Following a hearing, Mr. Paterson was found guilty of attempted trafficking in violation of Code A-111/113. Dkt. 6-4.

Mr. Paterson argues that the errors in the conduct report and screening report deprived him of advance written notice of his charge and conviction for attempted trafficking. Dkt. 1, pp. 2-3. He also argues the evidence is insufficient to support his conviction because there is no evidence that he trafficked contraband into the facility. *Id.*; *see also* dkt. 6-5 (facility appeal); dkt. 6-6 (department appeal).

## III.
## DISCUSSION

### A.  Right to Advance Written Notice

The respondent argues that Mr. Paterson did not raise the issue of advance notice in his administrative appeals and may not do so for the first time on habeas review. Dkt. 6, pp. 2, 6-7. The Court exercises its discretion and proceeds to the comparatively easy question of whether the claim succeeds on the merits. *See Lambrix v. Singletary*, 520 U.S. 518, 524 (1997).

2

Due process entitles inmates to advance "written notice of the charges . . . in order to inform [them] of the charges and to enable [them] to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Due process permits prison officials to later modify an inmate's charge as long as the original notice included "all the information he needed to defend against the [amended] charge." *Id.* at 911. Indeed, the charge may even be modified on administrative appeal well after the hearing is over. *Id.* at 910 (denying habeas petition where administrative appeal officer modified the charge from "a Code 100-A violation" to violation of Code A-111/113 for attempted trafficking).

Mr. Paterson received adequate notice of the charge for attempted trafficking. The conduct report charged him with "attempting to trafficing [*sic*]." Dkt. 6-1. It also informed him of the factual allegations underlying this charge—that he unsuccessfully offered to pay a correctional officer to "bring something in." *Id.* To be sure, the better practice would have been to cite both the code for trafficking and the code for attempting to commit a Class A violation, *i.e.*, "A-111/113." But this failure, without more, did not deprive Mr. Paterson of adequate notice. The conduct report made clear that he allegedly tried—and failed—to engage in trafficking. This is all the information he needed to defend against the attempting trafficking charge. In fact, at Mr. Paterson's disciplinary hearing, he argued that the correctional officer "misunderstood" him, which is another way of saying that his comments were not an attempt to recruit the officer into a trafficking conspiracy. *See* dkt. 6-4. This further demonstrates that Mr. Paterson understood the nature of the charge and was not confused about what prison officials needed to prove to find him guilty.

Even if the notice was inadequate, Mr. Paterson 's claim would still fail because he has not demonstrated prejudice. *See Piggie v. Cotton*, 342 U.S. 660 666 (7th Cir. 2003) (harmless error doctrine applies to prison disciplinary cases). He has not stated what, if anything, he would have done differently if the reports had listed the code violation as "A-111/113" instead of "A-113." Accordingly, his request for relief on this issue is **DENIED**.

### B.  Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

There is "some evidence" that Mr. Paterson attempted to commit trafficking. The conduct report alleges that he approached a correctional officer and offered to pay him $600.00 to "bring something in." Dkt. 6-1. The hearing officer reasonably interpreted this offer as an attempt to recruit the correctional officer into an unauthorized trafficking conspiracy. The fact that Mr. Paterson did not bring an unauthorized item into the facility is irrelevant. There is sufficient evidence that he committed attempted trafficking, and his request for relief on this issue is **DENIED**.

### IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of these proceedings, and there was no constitutional deprivation which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 8/10/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID PATERSON
260210
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov